IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILDRED SPIVEY,<br><br>      Plaintiff,<br><br>   v.<br><br>MARY JACOBSEN, et al.,<br><br>      Defendants. | Case No. 12-3686-SC<br><br>CORRECTED ORDER SUBSTITUTING PARTY AND DISMISSING CASE AS TO THE UNITED STATES; ORDER TO <u>SHOW CAUSE</u> |

## I.   INTRODUCTION

The Court hereby VACATES docket entry number 19 as erroneously filed and directs the Clerk to REOPEN this case. For the reasons set forth below, the Court GRANTS the unopposed motions to (1) substitute the United States as defendant in place of Deepshikha Sharda, D.O. ("Dr. Sharda") and (2) dismiss this case as to the United States. The Court also ORDERS Plaintiff Mildred Spivey ("Spivey") to show cause why this case should not be dismissed in its entirety for lack of prosecution. Additionally, the Court directs the Clerk of the Court to terminate parties which were dismissed from this case when it was pending in California state court, as set forth herein.

///

## II. DISCUSSION

### A. Pending Motions

Plaintiff originally filed this case in California state court on March 21, 2012, where she brought a single negligence claim arising out of alleged medical malpractice. ECF No. 1 (notice of removal ("NOR")) Ex. A ("Compl."). Her Complaint named as Defendants: Mary Jacobson, M.D.; Kevin H. Maas, M.D.; Amy E. Judy, M.D.; Dr. Sharda; and The Board of Trustees of the Leland Stanford Junior University. Id. On June 5, 2012, Plaintiff dismissed Drs. Jacobson, Maas, and Judy. On June 13, 2012, Plaintiff stipulated to the substitution of Stanford Hospital & Clinics in place of the erroneously named defendant The Board of Trustees of the Leland Stanford Junior University. The last defendant, Dr. Sharda, is an employee of the South County Community Health Center, Inc., an organization eligible for malpractice coverage under the Federal Tort Claims Act. Because Plaintiff's suit addresses acts Dr. Sharda undertook in the scope of her federal employment, the United States Attorney, serving as Dr. Sharda's attorney, removed this case to federal court on July 13, 2012. NOR; ECF No. 16 ("Mot.") at 4-5; Hawkins Decl.[1]

On August 9, 2012, the United States submitted a motion to substitute itself in place of Dr. Sharda pursuant to 28 U.S.C. § 2679(d)(2). That statute is part of the Federal Tort Claims Act, and provides in pertinent part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his

---

[1] Darieta M. Hawkins, an attorney within the Office of General Counsel for the U.S. Department of Health and Human Services filed a declaration in support of the Motion. ECF No. 16-1 ("Hawkins Decl.").

2

> office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2). The United States Attorney has submitted the required certification. ECF No. 3.

Concurrent with the motion to substitute itself as a party, the United States moved for dismissal of this action as to itself for lack of jurisdiction. Mot. at 7-8. The United States argues that Plaintiff's suit is premature under the FTCA because Plaintiff has not exhausted her administrative remedies and the Court therefore cannot exercise subject-matter jurisdiction over the instant case. Id.

Plaintiff failed to file an opposition to either motion during the period required by Civil Local Rule 7-3, or at any point thereafter. The motions being both meritorious and unopposed, the Court GRANTS both motions. The United States is hereby substituted as Defendant in place of Dr. Sharda, and this case is dismissed as to the United States. Since Drs. Jacobson, Maas, and Judy were already dismissed in state court, the only Defendant left in the case is Stanford Hospital & Clinics, erroneously named on the Court's docket as The Board of Trustees of the Leland Stanford Junior University. The captions on any future filings in this case should reflect the actual parties in interest, who now are Plaintiff Mildred Spivey and Defendant Stanford Hospital & Clinics.

3

**B.   Order to Show Cause**

The Court notes that Plaintiff appears to be proceeding with an administrative resolution of her matter. Hawkins Decl. ¶ 4. This may explain why Plaintiff has failed to prosecute her pending case before this Court or even to enter an appearance. Given her apparent indifference to the instant case, Plaintiff is hereby ORDERED TO SHOW CAUSE why this case should not be dismissed without prejudice for failure to prosecute.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' unopposed motion to substitute itself for Defendant Deepshikha Sharda, D.O. The Court also GRANTS the United States' unopposed motion to dismiss this case as to itself for lack of jurisdiction. The Court hereby DISMISSES the case as to the United States. The dismissal is WITHOUT PREJUDICE.

Plaintiff Mildred Spivey is hereby ORDERED TO SHOW CAUSE why this case should not be dismissed without prejudice for failure to prosecute. No hearing shall be held in this matter. Plaintiff shall respond to this Order to Show Cause by filing a brief of not more than four (4) pages in length, exclusive of declarations and exhibits. The brief shall be submitted not more than seven (7) days after the signature date of this Order. It shall be submitted through the Court's electronic filing system and shall comply with the Court's Civil Local Rules. Failure to timely submit this brief will result in dismissal of this action without prejudice.

The Court directs the Clerk to: (1) mark docket entry 19 as erroneously filed; (2) administratively reopen this case; (3)

terminate parties Mary Jacobson, M.D., Kevin H. Maas, M.D., and Amy E. Judy, M.D., who were already dismissed in state court prior to removal; and (4) substitute Stanford Hospital & Clinics as a defendant in place of The Board of Trustees of the Leland Stanford Junior University.

IT IS SO ORDERED.

Dated: September 20, 2012         
                                  UNITED STATES DISTRICT JUDGE

5