IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILDRED SPIVEY, | ) Case No. 12-3686-SC |
| | ) |
| Plaintiff, | ) ORDER RE: ORDER TO SHOW |
| | ) <u>CAUSE</u> |
| v. | ) |
| | ) |
| STANFORD HOSPITAL & CLINICS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

On September 20, 2012, after Plaintiff Mildred Spivey ("Plaintiff") failed to oppose a motion to substitute and dismiss certain defendants, the Court issued an order to show cause why her case should not be dismissed in its entirety for failure to prosecute.  ECF No. 20 ("OSC").  The OSC required Plaintiff to file a written response by October 1, 2012.  <u>Id.</u> at 4-5.  On September 26, 2012, Plaintiff timely filed a response, ECF No. 23 ("Response"), along with several other documents.  Plaintiff explains that she did not oppose the motion to dismiss because it appeared to be meritorious.  <u>Id.</u> at 2.  Given that Plaintiff is now participating in her case, the Court declines to dismiss the case for failure to prosecute.  However, Plaintiff's counsel is reminded of his obligation to respond to all motions directed against his

client, even if only to signal a lack of opposition: "If the party against whom the motion is directed does not oppose the motion, that party <u>must</u> file with the Court a Statement of Nonopposition within the time for filing and serving any opposition." Civ. L.R. 7-3(b) (emphasis added).  The purpose for this rule is obvious, and illustrated by this case: The rule conserves judicial resources by allowing the Court to determine whether a party has affirmatively conceded a motion or is simply indifferent.  It saves the Court from having to engage in a time-consuming inquiry, as happened here due to Plaintiff's failure to comply with the rule.

Plaintiff's counsel shall comply with this and all other local rules when practicing before this Court.

IT IS SO ORDERED.

Dated: October 3, 2012

UNITED STATES DISTRICT JUDGE

2